*John R. Nicholson,* Attorney General, for the State.

*Walter H. Hayes,* for the defendant.

———•———

THE STATE *vs.* NOAH VINCENT.

New Castle County, February Term, 1895.

**Indictment. Elections.**—An indictment which alleges that the defendant "at a certain general registration of all the qualified voters unlawfully and fraudulently registered in the First Election District of the Seventh Ward of the said City of Wilmington, he, the said defendant, then and there not having a lawful right to register therein," does not give the defendant proper notice of the charge he is called upon to meet, and is therefore insufficient and fatally defective.

**Same.**—Under such indictment for false registration the elements of the fraud charged are manifold, and the defendant is entitled to have set forth the ground upon which it is alleged he fraudulently registered.

The defendant was indicted, under the provisions of an Act of Assembly, for unlawfully and fraudulently registering in two election districts.

The charge was as follows: That he did then and there at a certain general registration of all the qualified voters resident in

each election district in the said City of Wilmington, unlawfully and fraudulently register in the First Election District of the Seventh Ward of the said City of Wilmington, he the said Noah Vincent then and there not having a lawful right to register therein."

*Nields,* for the defendant, moved to quash the indictment on the ground that the same was defective and insufficient, in that it did not aver with certainty any offence.

The averment that Noah Vincent " unlawfully and fraudulently registered" is the averment of a conclusion of law. Every indictment must allege the ingredients of the offence. Every indictment must contain a statement of the facts constituting the offence. More particularly is this true when there is an averment of fraud. It is a universal rule that facts constituting fraud must be specifically alleged. These principles apply with equal force to statutory offences, described in the language of the statute.

The reasons for specific allegations of facts are : (1) To inform the defendant of the transaction to enable him to prepare his defence. (2) To enable the Court to judge of the indictable quality of the facts alleged. (3) To enable the defendant to plead in bar the record to a subsequent prosecution on the same offence ; Delaware Const. § 7, Bill of Rights ; Rev. Code, Ch. 19, 214 ; *Commonwealth vs. Miller,* 2 Parsons, 480 ; Brightly's Leading Cases on Elections, 711 ; McCreary, Elections, § 572, p. 379 : *United States vs. Cruickshank,* 92 U. S. 543 ; *Peoples vs. Neil,* 91 Cal. 465 ; *Quinn vs. The State,* 35 Ind. 485 ; *People vs. McKenna,* 81 Cal. 158 ; Rev. Code, ch. 19, p. 206 ; *United States vs. Hirschfield,* 13 Blatch. 330 ; *State vs. Moore,* 27 N. J. 105.

CULLEN, J., delivered the opinion of the Court. We need proceed no further in the argument of this case. The general principles in matters of pleading apply here, namely that the mere stating of a conclusion of law in an indictment is not sufficient, but the offence must be stated clearly, from which that conclusion follows.

This indictment does not state in the beginning that the party attempted to register, not being entitled to register by reason of his not having paid a tax or by reason of infancy, or by reason of being already registered, or on any other grounds that are mentioned in the Act of Assembly, and therefore was guilty under the provisions of the Act of Assembly in such case made and provided. But it merely states the conclusion. The object of pleading to an indictment is to give a party notice of that with which he is charged. In all the cases that have been cited here we see no change from the general rule. The case cited in Iowa is very different from this one. There the statute is different. We have examined this matter very thoroughly, and have no doubt as to the insufficiency of this indictment, on the ground of proper notice not having been given.

LORE, C. J., (concurring.) No blame is attachable to the Attorney General, because he has followed the precedents that have been established in this Court; ever since the passage of the act, the indictments having been similarly drawn without apparent objection. Hence they seemed to be regarded as valid. We have no known adjudication, that is no recorded adjudication, in which the question has been distinctly raised and passed upon. There seems to be a recollection that it has been, but it is not of record.

We are now confronted with the question distinctly: These defendants are charged with what? With "unlawfully and fraudulently" registering. The elements of the fraud are manifold, and it does strike me that the defendant is entitled to know, when a person says he is not entitled to register, why he is not so entitled —to know the ground and the reason. He is entitled to have the fact set forth and not be compelled to come here to meet some one of a dozen, or more qualifications which are necessary under our present statute to qualify him to register.

This indictment does not set forth the offence with such certainty as to inform the defendant of what he is specially charged with, and it is therefore in that respect fatally defective.

I am very clear that the grounds upon which it is alleged he fraudulently registered ought to be set out in the indictment. You need not set them all out ; one of them is sufficient.

It was thereupon ordered that the indictment be quashed and the defendant discharged.

*John R. Nicholson,* Attorney General, for the State.

*Nields* and *Hayes,* for the defendant.